Craig Shultz, Esq. (KS Bar No. 9731)
205 E. Central
Wichita, Kansas 67202
Tel: (316) 269-2284
*Trial Counsel*

Gregory S. Baylor, Esq. (TX Bar No. 1941500)
Steven H. Aden, Esq. (DC Bar No. 466777)
Timothy J. Tracey, Esq. (GA Bar No. 715195)
Religious Liberty Advocates of the Christian Legal Society
4208 Evergreen Lane, Suite 222
Annandale, VA 22003-3264
Tel: (703) 642-1070
*Co-Counsel (Pro Hac Vice Admission Pending)*

Counsel for Plaintiff Christian Legal Society Chapter
of Washburn University School of Law

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
TOPEKA DIVISION

| | |
|---|---|
| CHRISTIAN LEGAL SOCIETY CHAPTER OF WASHBURN UNIVERSITY SCHOOL OF LAW, a registered student organization at Washburn University School of Law, <br><br> Plaintiff, <br><br> vs. <br><br> JERRY B. FARLEY, in his official capacity as President of Washburn University; DENNIS R. HONABACH, in his official capacity as Dean of Washburn University School of Law; JANETTE J. O'TOOLE-CURRAN, in her official capacity as Director of the Office of Student Activities and Greek Life; CAROL A. VIZZIER, in her official Capacity as Associate Dean of Studentsof Washburn School of Law; and MEAGHAN DALTON, LEVI HENRY, MELISSA DOEBLIN, JENNY DAVIS, CAMILLE JOHNSTON, MICHAEL BURBACH, TODD AANENSON, BRIAN CLARKE, TATEASHA DAVIS, BRIAN WOOLLEY, KATHLEEN BURNS, KEVIN ZOLOTOR, ASHLEY POLSTON, JEREMY | CIVIL ACTION NO.: 04-4120-JAR <br><br> VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND |

PLATT, JAKE HENRY, SCHYLER GOODWIN, )
TRAVIS WILSON, JUSTIN FERRELL, )
and all other current members of the )
Washburn Student Bar Association, in their official )
capacities as Washburn Student Bar Association )
Officers, )
                                          Defendants.  )

COMES NOW Plaintiff, Christian Legal Society Chapter of Washburn University School of Law, by and through its undersigned counsel, Craig Shultz, Esq. and Gregory S. Baylor, Esq., Steven H. Aden, Esq. and Timothy J. Tracey, Esq., Religious Liberty Advocates of the Christian Legal Society, and hereby brings the following causes of action against Defendants Jerry B. Farley, in his official capacity as President of Washburn University; Dennis R. Honabach in his official capacity as Dean of Washburn University School of Law; Janette J. O'Toole-Curran in her official capacity as Director of the Office of Student Activities and Greek Life; and Meaghan Dalton, Levi Henry, Melissa Doeblin, Jenny Davis, Camille Johnston, Michael Burbach, Todd Aanenson, Brian Clarke, Tateasha Davis, Brian Woolley, Kathleen Burns, Kevin Zolotor, Ashley Polston, Jeremy Platt, Jake Henry, Schyler Goodwin, Travis Wilson, Justin Ferrell, and all other current Members of the Washburn Student Bar Association, in their official capacities as Washburn Student Bar Association Officers. In support of its claims for relief, Plaintiff alleges and avers as follows:

### JURISDICTION AND VENUE

1.1  Plaintiff Christian Legal Society of Washburn University School of Law brings this civil rights action pursuant to 42 U.S.C. § 1983 and § 1988 for deprivations of Plaintiff's rights secured by the First and Fourteenth Amendments to the United States Constitution.

1.2   Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1343(a)(3) and 1343(a)(4), which provide for original jurisdiction in this Court of all suits brought pursuant to 42 U.S.C. § 1983. Jurisdiction is also conferred on this Court by 28 U.S.C. § 1331 because the cause of action arises under the Constitution and laws of the United States. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because, upon information and belief, the Defendants reside in the District of Kansas and may be found and served in the District of Kansas, and because a substantial part of the events or omissions giving rise to these claims arose in this District.

PARTIES

2.1   Plaintiff Christian Legal Society of Washburn University School of Law ("CLS Washburn") is an unincorporated registered student organization of Washburn University School of Law in Topeka, Kansas. It is a local chapter of the national organization known as the Christian Legal Society, an IRC 501(c)(3)-qualified religious professional membership organization. CLS Washburn is capable of suing in its own name and has standing to bring this action in its own name and on behalf of its individual members.

2.2   Defendant Jerry B. Farley is the President of Washburn University, a municipal university under Kansas law. His duties include, among others, oversight of Washburn University ("University" or "Washburn"). The Office of the President is located is located at President's Office, Washburn University, 17 Southwest College Avenue, Topeka, Kansas 66621. President Farley is sued in his official capacity.

2.3   Defendant Dennis R. Honabach is the Dean of Washburn University School of Law. His duties include, among others, oversight of the academic and administrative functions of Washburn University School of Law ("School of Law"). The Office of the Dean of the

School of Law is located at Office 202, Washburn University School of Law, 1700 College Avenue, Topeka, Kansas 66621. Dean Honabach is sued in his official capacity.

2.4   Defendant Carol A. Vizzier, is the Associate Dean of Students of Washburn School of Law. Ms. Vizzier is sued in her official capacity. Her office is located at Office 204, Washburn University School of Law, 1700 College Avenue, Topeka, Kansas 66621.

2.5.   Defendant Janette J. O'Toole-Curran is the Director of the Office of Student Activities and Greek Life. Her duties include, among others, oversight of the formation and registration of student organizations at Washburn University. The Office of Student Activities and Greek Life is located at Lower Level, Memorial Union, Washburn University, 17 Southwest College Avenue, Topeka, Kansas 66621. Ms. O'Toole-Curran is sued in her official capacity.

2.6   Defendants Meaghan Dalton, Levi Henry, Melissa Doeblin, Jenny Davis, Camille Johnston, Michael Burbach, Todd Aanenson, Brian Clarke, Tateasha Davis, Brian Woolley, Kathleen Burns, Kevin Zolotor, Ashley Polston, Jeremy Platt, Jake Henry, Schyler Goodwin, Travis Wilson, Justin Ferrell, are officers of the Washburn Student Bar Association and responsible for, among other things registering and funding student organizations at Washburn University School of Law. Their offices are located at 1700 College Avenue, Topeka, Kansas 66621. They are sued in their official capacities.

### Factual Background

3.1   Christian Legal Society is a nationwide association of Christian lawyers, law students, law professors, and judges. The organization's purposes include providing a means of society, fellowship, and nurture among Christian lawyers; promoting justice, religious liberty, and biblical conflict resolution; encouraging, discipling, and aiding Christian law students; and encouraging lawyers to furnish legal services to the poor. In furtherance of its purposes, the

national Christian Legal Society organization maintains both attorney and law student chapters across the country.

3.2   All members of the national Christian Legal Society, including student members, must sign a Statement of Faith indicating that the member holds certain Christian viewpoints commonly regarded in both the Roman Catholic and Protestant evangelical traditions as orthodox. A true and correct copy of the New Member Application which includes the Statement of Faith is attached as Exhibit A.

3.3   CLS Washburn is the local Washburn University School of Law chapter of the national Christian Legal Society organization. CLS Washburn is a registered student organization at Washburn University School of Law, and has been recognized as such for a number of years.

3.4   CLS Washburn is governed by a chapter constitution. A true and correct copy of the CLS Washburn Chapter Constitution is attached as Exhibit B.

3.5   Any student is welcome to participate in CLS Washburn meetings and other activities, regardless of religion, creed, or membership or non-membership in any other protected class. However, pursuant to the constitution and rules for CLS student chapters of the national Christian Legal Society, CLS Washburn requires its members and officers to sign the national Christian Legal Society's Statement of Faith.

3.6   CLS Washburn incorporates these officer and membership requirements into its chapter constitution.

3.7   Specifically, CLS Washburn's Chapter Constitution provides:

All members and officers of this Chapter must agree to and affirm the following Statement of Faith:

Trusting in Jesus Christ as my Savior, I believe in:

5

- One God, eternally existent in three persons, Father, Son and Holy Spirit.
- God the Father Almighty, Maker of heaven and earth.
- The Deity of our Lord, Jesus Christ, God's only Son conceived of the Holy Spirit, born of the virgin Mary; His vicarious death for our sins through which we receive eternal life; His bodily resurrection and personal return.
- The presence and power of the Holy Spirit in the work of regeneration.
- The Bible as the inspired Word of God.

Exhibit B, at p. 1.

3.8   The mission of CLS Washburn is to maintain a vibrant Christian law fellowship on the Washburn University School of Law campus which enables its members, individually and as a group, to fulfill the Christian mandate to love God and to love their neighbors as themselves. *See id.*

3.9   CLS Washburn believes that in order to achieve its mission, it must require its members and officers to sign, affirm, and endeavor to live their lives in a manner consistent with its Statement of Faith.

3.10   Individuals who refuse to adhere to CLS Washburn's Statement of Faith are not permitted to be members or officers.

3.11   Washburn University is a municipal university located in Topeka, Kansas with a student body of approximately 6,000 students.

3.12   The University maintains and operates the Washburn University School of Law, also located in Topeka, Kansas.

3.13   The University, including the School of Law, permits students to form and register "student organizations."

3.14   Student organizations with a variety of purposes, including religious, may register with the University. *See* "Student Organization Registration Form for New and Returning Student Organizations in 2004-2005," Student Activities and Greek Life Website, available at

http://www.washburn.edu/studentlife/stuactivities/stuorg-registration/stuorg.php?id=add (offering "religious" as a classification for a student organization registering with the University). "Recognized student organizations are formed for educational, professional, social, recreational or other purposes that enhance the student experience at Washburn University." "Starting a New Student Organization," Student Activities and Greek Life Website, available at http://www.washburn.edu/studentlife/stuactivities/starting_new_org.html.

3.15   Washburn University School of Law collects a $35.00 per semester student activity fee from each of its students to fund extracurricular programs and activities at the School of Law, including registered student organizations.

3.16   The Washburn Student Bar Association ("WSBA") is tasked by the University with overseeing the registration of student organizations at the School of Law.

3.17   WSBA is also responsible for appropriating student activity fee monies to registered student organizations at the School of Law. WSBA Constitution, WSBA Bylaw 101, at p. 6. A true and correct copy of WSBA Constitution, WSBA Bylaw 101 is attached as Exhibit C.

3.18   Student groups at Washburn University School of Law must be registered with WSBA to "be eligible to receive funds." *Id.* at 5-6.

3.19   All registered student organizations at the School of Law are "guaranteed a baseline appropriation of the funds available for distribution." *Id.* at 6.

3.20   As a condition of receiving and maintaining funding from WSBA, registered student organizations "shall be in compliance with the Equal Opportunity Policy Statement of the Washburn University School of Law." *Id.*

3.21    The Equal Opportunity Policy Statement of the Washburn University School of Law provides in pertinent part:

> It is the policy of the Washburn University School of Law to assure equal educational and employment opportunity to qualified individuals without regard to race, color, religion, age, national origin, ancestry, disability, gender, sexual orientation, marital or parental status. Equal educational opportunity includes, but is not limited to, admissions, recruitment, extracurricular programs and activities, housing, facilities use, access to course offerings, counseling and testing, financial aid, health services and employment.

Equal Opportunity Policy Statement of the Washburn University School of Law, p.1. A true and correct copy of the Equal Opportunity Policy Statement of the Washburn University School of Law is attached as Exhibit D.

3.22    As "extracurricular programs and activities," all registered student organizations at Washburn University School of Law must comply with the Equal Opportunity Policy Statement of the Washburn University School of Law in selecting or initiating new members or officers, or in providing any aid, benefit, or service to others.

3.23    Failure to comply with the Equal Opportunity Policy Statement of the Washburn University School of Law constitutes a "violation of [WSBA Bylaw 101]" and "shall be good cause for the revocation of the funds allocated in accordance with procedures defined herein." Exhibit C, at p. 9.

3.24    "Allegations of violations [of WSBA Bylaw 101] may be made by any member of the student body having information which indicates the potential presence of a violation." *Id.*

3.25    "The determination of whether a violation has occurred is within the discretion of the [WSBA] Budget and Finance Committee, subject to approval by the WSBA Executive Council." *Id.*

3.26    WSBA Bylaw 101 provides no avenue for appealing a decision by the WSBA Executive Council to revoke funding for a registered student organization's failure to comply with WSBA Bylaw 101 by violating the Equal Opportunity Policy Statement of the Washburn University School of Law. *Id.*

RECENT DEVELOPMENTS

4.1    In the Spring 2004 semester, Mr. Daniel J. Arkell, a student at the Washburn University School of Law, began attending CLS Washburn meetings.

4.2    After attending several meetings, Mr. Arkell volunteered to lead one of the group's weekly Bible studies.

4.3    In leading the study, Mr. Arkell incorporated doctrine consistent with that of his church, The Church of Jesus Christ of Latter-day Saints, but in contradiction to the Christian Legal Society's Statement of Faith.

4.4    In March 2004, then-CLS President Mr. Albert Thom met with Mr. Arkell and explained to him that CLS Washburn had decided that Mr. Arkell should no longer lead Bible studies, since his interpretations of the Bible and his doctrine were inconsistent with group's beliefs. Mr. Thom encouraged Mr. Arkell to continue attending CLS Washburn meetings despite not being able to lead Bible studies.

4.5    Subsequently, a CLS officer, Mr. Carl Walter, met with Mr. Arkell and brought to his attention the CLS Statement of Faith contained in Washburn CLS' Constitution.

4.6    On April 14, 2004, Mr. Arkell filed a formal complaint of religious discrimination against CLS Washburn with the WSBA Budget and Finance Committee. A true and correct copy of Mr. Arkell's Formal Complaint dated April 14, 2004 is attached Exhibit E.

4.7    In his complaint, Mr. Arkell alleged that "CLS is an organization that

discriminates on the basis of religion, and therefore should not receive any funds from the WSBA." Exhibit E, at p. 1.

4.8     Mr. Arkell complained that "people who don't agree with the Statement of Faith enough to sign it cannot be full participating members of the CLS." *Id.* at p. 4.

4.9     Mr. Arkell admitted that he "can't in good conscience sign the CLS Statement of Faith." *Id.* at p. 6.

4.10    On June 22, 2004, the Vice-President of WSBA and Chair of the WSBA Budget and Finance Committee, Defendant Levi J. Henry, gave current CLS President Jesse Paine a letter addressed to Mr. Thom notifying him that after meeting with the Dean of the School of Law, Defendant Dennis R. Honabach, and the Associate Dean of Student Affairs, Carol Vizzier, WSBA "decided that the appropriate course of action is to place a hold on Washburn Student Bar Association funding to the Christian Legal Society" pending a resolution of Mr. Arkell's complaint. Letter from Mr. Henry to Mr. Thom dated June 22, 2004.  A true and correct copy of the letter from Mr. Henry to Mr. Thom dated June 22, 2004 is attached as Exhibit F.

4.11    Mr. Henry also informed Mr. Thom that Mr. Arkell's complaint against CLS Washburn would not be considered until the September 1, 2004 meeting of the WSBA.

4.12    On August 26, 2004, Mr. Henry emailed the current President of CLS Washburn, Jesse Paine, and advised him that Mr. Arkell's complaint against CLS Washburn would be considered by the WSBA on September 1, 2004 and that he should notify any witnesses he wished to call of the meeting time. *See* Email from Mr. Henry to Mr. Paine regarding "WSBA Meeting," dated August 26, 2004.  A true and correct copy of the email from Mr. Henry to Mr. Paine regarding "WSBA Meeting," dated August 26, 2004 is attached as Exhibit G.

4.13    On August 30, 2004, Mr. Paine emailed Dean Vizzier inquiring about written

procedures for WSBA's review of Mr. Arkell's complaint and the proper process for appealing WSBA's decision should it rule against CLS Washburn.

4.14   The next day, August 31, 2004, Dean Vizzier emailed Mr. Paine back explaining:

> To the extent a written procedure exists, it is contained in the e-mail you received last week. If additional written procedures were compiled after last week's meeting, I'm sure the WSBA will forward them to all parties. I believe this is a newly developed process. I suspect that the issue of appeals hasn't yet been considered, and the WSBA intends to cross that bridge when they come to it. Probably Wednesday night or Thursday morning ;-).

Email from Dean Vizzier to Mr. Paine regarding "CLS Complaint Review Procedure," dated August 31, 2004. A true and correct copy of the Email from Dean Vizzier to Mr. Paine regarding "CLS Complaint Review Procedure," dated August 31, 2004 is attached as Exhibit H.

4.15   On September 1, 2004, WSBA held a hearing to consider Mr. Arkell's complaint of religious discrimination against CLS Washburn.

4.16   The evening of September 2, 2004, WSBA met to consider the evidence presented at the hearing and determine whether or not CLS Washburn's actions constituted a violation of the Equal Opportunity Policy Statement of the Washburn University School of Law.

4.17   On September 3, 2004, Mr. Paine received an email from the President of WSBA, Meaghan Dalton, stating, "The WSBA board met yesterday evening and voted to no longer fund the CLS." Email from Ms. Dalton to Mr. Paine regarding "CLS Funding," dated September 3, 2004. A true and correct copy of the Email from Ms. Dalton to Mr. Paine regarding "CLS Funding," dated September 3, 2004 is attached as Exhibit I.

4.18   After receiving WSBA's ruling, Mr. Paine inquired with both Ms. Dalton and Dean Vizzier about the process for appealing WSBA's decision. To date, Mr. Paine has received no response.

4.19   CLS Washburn continues to desire funding from WSBA.

11

4.20   The University's enactment and enforcement of the Equal Opportunity Policy Statement of the Washburn University School of Law forbidding CLS Washburn to discriminate on the basis of religion; the University's refusal to recognize CLS Washburn's constitutional right to exemption from said policy; and the University's decision to deny WSBA funding to CLS Washburn because it requires its officers and members to agree and affirm its Statement of Faith discriminate against CLS Washburn and its members based on the content and viewpoint of their speech and send a message of exclusion and disfavor of CLS Washburn and its members by Defendants, resulting in a chilling impact on CLS Washburn's efforts at recruitment, association and dissemination of its message.

4.21   All alleged acts of the Defendants, their officers, agents, servants, employees, or persons acting at their behest or direction, were done and are continuing to be done under the color of state law, including the statutes, regulations, customs, policies and usages of the State of Kansas, and pursuant to policies and/or customs established by Washburn University through Defendants.

4.22   Unless and until enforcement of the Defendants' policies regarding the Equal Opportunity Policy Statement of the Washburn University School of Law is enjoined, CLS Washburn and similarly situated religious student organizations will suffer and continue to suffer irreparable harm to their federal and state rights of free association, freedom of speech and free exercise of religion.

## COUNT I

### FREEDOM OF EXPRESSIVE ASSOCIATION
### UNITED STATES CONST. AMEND. I

5.1   CLS Washburn restates and realleges each allegation set forth in paragraphs 1 through 4.23 as if set forth verbatim herein.

5.2  By enacting and enforcing the Equal Opportunity Policy Statement of the Washburn University School of Law forbidding CLS Washburn to discriminate on the basis of religion, refusing to recognize CLS Washburn's constitutional right to exemption from said policy, denying WSBA funding to CLS Washburn because it requires its officers and members to agree and affirm its Statement of Faith, and engaging in direct and subtle forms of retaliation against CLS Washburn, Defendants have violated and will continue to violate the right to freedom of expressive association guaranteed to CLS Washburn and its members by the First Amendment to the United States Constitution and made applicable to the states and their political subdivisions by the Fourteenth Amendment.

## COUNT II

### FREE SPEECH
### UNITED STATES CONST. AMEND. I

6.1  CLS Washburn restates and realleges each allegation set forth in paragraphs 1 through 5.2 as if set forth verbatim herein.

6.2  By enacting and enforcing the Equal Opportunity Policy Statement of the Washburn University School of Law forbidding CLS Washburn to discriminate on the basis of religion, refusing to recognize CLS Washburn's constitutional right to exemption from said policy, denying WSBA funding to CLS Washburn because it requires its officers and members to agree and affirm its Statement of Faith, and engaging in direct and subtle forms of retaliation against CLS Washburn, Defendants have violated and will continue to violate the right to free speech guaranteed to CLS Washburn and its members by the First Amendment to the United States Constitution and made applicable to the states and their political subdivisions by the Fourteenth Amendment.

## COUNT III

## ESTABLISHMENT CLAUSE
## UNITED STATES CONST. AMEND. I

7.1  CLS Washburn restates and realleges each allegation set forth in paragraphs 1 through 6.2 as if set forth verbatim herein.

7.2  By enacting and enforcing the Equal Opportunity Policy Statement of the Washburn University School of Law forbidding CLS Washburn to discriminate on the basis of religion, refusing to recognize CLS Washburn's constitutional right to exemption from said policy, denying WSBA funding to CLS Washburn because it requires its officers and members to agree and affirm its Statement of Faith, and engaging in direct and subtle forms of retaliation against CLS Washburn, Defendants have violated and will continue to violate the Establishment Clause of the First Amendment to the United States Constitution and made applicable to the states and their political subdivisions by the Fourteenth Amendment.

## COUNT IV

## DUE PROCESS
## UNITED STATES CONST. AMEND. XIV

8.1  CLS Washburn restates and realleges each allegation set forth in paragraphs 1.1 through 7.2 as if set forth verbatim herein.

8.2  By adopting the Equal Opportunity Policy Statement of the Washburn University School of Law that fails to provide CLS Washburn with fair notice as to whether or not its membership and leadership practices comply with the nondiscrimination requirement and tasking Washburn University officials with enforcing the Equal Opportunity Policy Statement of the Washburn University School of Law without providing criteria or guidelines to govern its enforcement, Defendants have violated and will continue to violate the right of due process

14

guaranteed to CLS Washburn and its affiliates, chapters, and members by the Fourteenth Amendment to the United States Constitution.

## COUNT V

### FREE EXERCISE CLAUSE
### UNITED STATE CONST. AMEND I

9.1  CLS Washburn restates and realleges each allegation set forth in paragraphs 1 through 8.2 as if set forth verbatim herein.

9.2  By enacting and enforcing the Equal Opportunity Policy Statement of the Washburn University School of Law forbidding CLS Washburn to discriminate on the basis of religion, refusing to recognize CLS Washburn's constitutional right to exemption from said policy, denying WSBA funding to CLS Washburn because it requires its officers and members to agree and affirm its Statement of Faith, and engaging in direct and subtle forms of retaliation against CLS Washburn, Defendants have violated and will continue to violate the right to free exercise of religion guaranteed to CLS Washburn and its members by the First Amendment to the United States Constitution and made applicable to the states and their political subdivisions by the Fourteenth Amendment.

## COUNT VI

### STATE FREE EXERCISE CLAUSE
### KANSAS. CONST. BILL OF RIGHTS, SEC. 7

10.1  CLS Washburn restates and realleges each allegation set forth in paragraphs 1 through 9.2 as if set forth verbatim herein.

10.2  By enacting and enforcing the Equal Opportunity Policy Statement of the Washburn University School of Law forbidding CLS Washburn to discriminate on the basis of religion, refusing to recognize CLS Washburn's constitutional right to exemption from said

policy, denying WSBA funding to CLS Washburn because it requires its officers and members to agree and affirm its Statement of Faith, and engaging in direct and subtle forms of retaliation against CLS Washburn, Defendants have violated and will continue to violate the right to free exercise of religion guaranteed to CLS Washburn and its members by Section 7 of the Kansas Constitution Bill of Rights.

## COUNT VII

### EQUAL PROTECTION CLAUSE
### UNITED STATES CONST. AMEND. XIV

11.1   CLS Washburn restates and realleges each allegation set forth in paragraphs 1 through 10.2 as if set forth verbatim herein.

11.2   By enacting and enforcing the Equal Opportunity Policy Statement of the Washburn University School of Law forbidding CLS Washburn to discriminate on the basis of religion, refusing to recognize CLS Washburn's constitutional right to exemption from said policy, denying WSBA funding to CLS Washburn because it requires its officers and members to agree and affirm its Statement of Faith, and engaging in direct and subtle forms of retaliation against CLS Washburn, Defendants have denied and will continue to deny the equal protection of the laws guaranteed to CLS Washburn and its members as a religious association by the Fourteenth Amendment to the United States Constitution.

### PRAYER FOR RELIEF

WHEREFORE, CLS Washburn respectfully requests that this Court order the following relief:

(1)   A declaration that Defendants' Equal Opportunity Policy Statement of the Washburn University School of Law is unconstitutional as applied against

Plaintiff and similarly situated religious organizations who desire to select members and officers based upon their shared religious beliefs;

(2) A preliminary and permanent injunction enjoining Defendants from requiring CLS Washburn and similarly situated religious student organizations from adhering to the Equal Opportunity Policy Statement of the Washburn University School of Law with respect to religion; and prohibiting Defendants, their employees, officers, employees and agents, and all persons acting by and through them, from withholding WSBA funding or other privileges, benefits, or incidents of recognized status from Plaintiff and similarly situated organizations and from retaliating against Plaintiff and its members directly or indirectly for exercising their constitutional rights;

(3) An award of nominal damages;

(4) An award of reasonable costs and attorneys' fees incurred by Plaintiff in prosecuting this action pursuant to 42 U.S.C. § 1988; and

(5) Such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted this ___ day of September, 2004.

      Craig Shultz /s/
Craig Shultz, Esq.  (KS Bar No. 9731)
205 E. Central
Wichita, Kansas 67202
Tel: (316) 269-2284
*Trial Counsel*

Gregory S. Baylor, Esq. (TX Bar No. 1941500)
Steven H. Aden, Esq. (DC Bar No. 466777)
Timothy J. Tracey, Esq. (GA Bar No. 715195)
Religious Liberty Advocates

of the Christian Legal Society
4208 Evergreen Lane, Suite 222
Annandale, VA  22003-3264
Tel: (703) 642-1070
*Co-Counsel (Pro Hac Vice Admission Pending)*

Counsel for Plaintiff Christian Legal Society Chapter
of Washburn University School of Law

## VERIFICATION

I, Jesse Paine, a citizen of the United States and a resident of the State of Kansas, am the President of the Christian Legal Society Chapter of Washburn University School of Law, a student organization at the Washburn University. I have read the foregoing Verified Complaint for Declaratory and Injunctive Relief and Nominal Damages and declare under penalty of perjury under the laws of the United States of America that the foregoing factual averments are true and correct to the best of my knowledge and belief.

Christian Legal Society Chapter of<br>
Washburn University School of Law<br><br>
_____<br>
Jesse Paine<br>
President